## Jane Fuller, et al. *v.* Wm. Fuller, Curator, et al.

[Abstract Kentucky Law Reporter, Vol. 7—376.]

**Amendments of Pleadings.**

The civil code gives the trial court a wide margin of discretion in allowing amendments to pleadings, and the Court of Appeals will not reverse for any action of the lower court in allowing or refusing amendments to be made unless it is shown that the court has abused such discretion.

**Court of Appeals Will Not Reverse on the Weight of the Evidence.**

Where there is some evidence to sustain the judgment below this court will not weigh the evidence and reverse a cause because it might think the preponderance was the other way, for the trial court is in a better position to know the witnesses and to determine what credibility to give to their evidence.

APPEAL FROM CAMPBELL CIRCUIT COURT.

November 5, 1885.

OPINION BY JUDGE HOLT:

About September 1, 1880, Wm. F. Fuller sold the one-half interest in a house and lot in Cincinnati, Ohio, for $15,000. It was all or about all the estate he then owned. His wife, the appellant, Jane Fuller, refused to join in the deed unless she received, as she testifies, one-half the purchase-money, or, as other witnesses say, one-third of it. Her husband thereupon told her to sign the deed and that she should have all of it. Some liens upon the property were first paid by the purchaser out of the purchase-money, leaving about $13,000, which was paid to Wm. F. Fuller, and deposited by him in bank, he receiving a certificate of deposit in the name probably of both himself and his wife, although the evidence is somewhat conflicting whether it was in the name of both, or if in the name of one whether it was that of the husband or the wife.

On September 9, 1880, he loaned $10,000 of it to the Newport St. R. Co., and took its note therefor, payable to and which he delivered to his wife. He died on February 27, 1881, leaving the appellant, Jane Fuller, as his widow, and the appellee, Thomas S. Fuller, who was his only surviving child by a former wife, as his only heir.

This action was brought by the curator of his estate against the widow and said company for the possession of the note and the collection of the money upon the alleged ground that Wm. F. Fuller was mentally incompetent to transact the business and was unduly influenced in the matter. The appellant, Jane Fuller, made her answer a cross-petition against Thomas S. Fuller, and asked that her claim to the note be quieted. The son filed an answer, and united with the curator in a motion for the trial of the issue out of the chancery; but a jury was refused, and thus the appellant was given her choice as to a trier of the facts.

After the cause was submitted to the court it properly set aside the order of submission, and allowed some depositions that had been taken before the submission to be filed; and on January 12, 1883, the cause was again submitted. At the following May term the curator moved to set aside the order of submission and tendered an amended petition; the court sustained the motion and allowed

the amended pleading to be filed. The appellee, Thomas S. Fuller, was also allowed to file an amended answer; and the appellants now urge that by this action the courts abused its discretion. It had been alleged in the petition that the note was payable to Wm. F. Fuller, but the testimony had disclosed otherwise; and the amended petition corrected this error, and contained a fuller statement of alleged facts than had been set out in the petition. The amended pleading by Thomas S. Fuller merely made his answer a cross-petition against the widow. The civil code properly gives a wide margin of discretion in allowing amendments to pleadings; and we would not reverse for any action of the lower court in this respect unless it were apparent that a legal discretion had been abused. It seems to us, however, that in this instance the amendments were necessary to a full and fair trial upon the merits of the cause and the attainment of justice. They set up no new matter, because the replies contained the same allegations substantially; but in that form they were unavoidable, and would not support a judgment; and it is better that there should be great latitude in this direction than that the ends of justice should be defeated. The law-making power has therefore placed no limit upon the court's discretion, save that amendments must be in furtherance of justice and not change substantially the claim of defense.

The appellant, Jane Fuller, in the first deposition given by her, was without objection cross-examined as to certain property which her husband had purchased and given to her, and which she said she still owned; and she now complains because the court below sustained an exception to her re-examination, by which it appeared that a portion of it had been sold. The testimony was not material, nor could she have been prejudiced by its rejection. Neither were the letters from Thomas S. Fuller to his father or the one to him from the wife of the former or her letter to her husband competent, as they in no way illustrated the issue being tried.

We shall not attempt an analysis of the evidence pro et con upon the issues of capacity or incapacity of Wm. F. Fuller, or whether he acted from undue influence in the transaction in question. There is a volume of testimony, and it is quite conflicting. Some of the witnesses say that he was entirely competent, while others say that he was both physically and mentally a wreck. Some circumstances are shown from which the exercise of an undue influence might be

presumed, while upon the other hand others are in evidence which tend to show its absence.

The lower court knew the witnesses and the weight and credibility that should be attached to each of them; and we are now asked to review its judgment upon a question of fact. The rule in such a case is too well settled to need any citation of authority; whatever might be our opinion as to the weight of the testimony, the one way or the other, yet the judgment is so far sustained by evidence that a reversal would be unauthorized.

Judgment *affirmed*.

*Charles J. Helm, O'Hara & Bryan, for appellants.*

*O. W. Root, A. T. Root, for appellees.*